### JULIUS LUKS v. WESTERN CRUCIBLE STEEL CASTING COMPANY AND ANOTHER.[1]

December 24, 1925.

No. 24,969.

**Condition of employe's finger question of fact for decision of Industrial Commission.**

The evidence in this proceeding *held* sufficient to make a question of fact as to the condition of respondent's finger, whether the injury of December 2 was the proximate cause of its condition on and subsequent to January 13, 1925, and whether he was entitled to compensation subsequent to that date, for the triers of such matters to determine from all the evidence in the case.

See Workmen's Compensation Act, C. J. p. 122, § 127.

Upon the relation of Western Crucible Steel Casting Company and another the supreme court granted its writ of certiorari directed

[1]Reported in 206 N. W. 433.

to the Industrial Commission of Minnesota to review proceedings in the claim of Julius Luks, employe, under the compensation act. Affirmed.

*J. G. Stirn,* for relators.

*Clifford L. Hilton,* Attorney General, and *Hugo V. Hoch,* for respondent.

QUINN, J.

Certiorari to the Industrial Commission, upon the petition of the Western Crucible Steel Casting Company, employer, and the Aetna Life Insurance Company, insurer, for the purpose of reviewing the proceeding and record of the Industrial Commission in the matter of the claim of Julius Luks, employe, for compensation under the Workmen's Compensation Act. L. 1921, p. 90, c. 82.

Luks was 34 years of age. He was in the employ of the above named employer, as a common laborer, at a weekly wage of $24. While in the course of such employment, on December 2, 1924, the middle finger of his right hand was caught between two flasks so that the tip of the last phalange was split. He continued to work until nearly noon of the following day, when he was discharged because of insubordination. Dr. Hammond, the regular surgeon for the employer, treated his finger until December 16 when it was considered that the finger had sufficiently healed and mended so that Luks might return to work, and the treatment was discontinued. Luks was paid compensation during that time.

The sole question for determination upon this review is whether the evidence is sufficient to sustain an award of compensation after December 16. Dr. Hammond examined the finger on the day of the injury, and on the following day he took an X-ray of it and found that the tip of the bone was slightly split. He testified that the back of the finger was bruised and abraded, that is, the skin was rubbed off; that the finger was somewhat swollen and quite tender; that he looked after it and that on December 16 the finger looked good; that there was no swelling, no deformity; that the patient claimed that it was quite tender, but that the action of the

joint was good; that there was no external evidence of the injury left and that the abrasion healed by first intention.

The employe reported for work at his former job, on December 26, but was refused a position on account of the reason for which he had been discharged. On January 7, 1925, he went to work for Armour & Company. Before starting in, he was examined by Dr. Wold, the regular surgeon for Armour & Company, and he testified that he made no note of the finger.

The employer filed a notice of discontinuance of payments of compensation, pursuant to the provisions of section 35, chapter 82, p. 90, L. 1921, with the Industrial Commission, upon which a hearing was had on January 13, 1925. At the time of this hearing, the finger was discolored and swollen, and appeared to be in need of medical care. At the hearing, Luks insisted that his finger had been injured in no manner subsequent to the time when Dr. Hammond had examined it in December. On March 5 another hearing was had before the same referee and on March 9 the referee filed findings and awarded claimant compensation from January 12 to March 4, stating that the award for the latter period was based upon the condition of the finger due to the application of carbolic salve applied thereto by the employe. From this award, made by the referee, relators appealed to the commission, which appeal was heard on May 19, 1925, and on June 4 the commission filed its decision vacating the referee's award of compensation for the period between December 2 and January 6, also vacating the referee's findings to the effect that the condition of the finger subsequent to January 12 was due to the use of carbolic salve. The commission substituted a finding to the effect that the injury of December 2, 1924, resulted in the employe's disability from December 4 to December 16, 1924, and from January 13 to a subsequent date, and awarded him compensation accordingly. The sole question here is whether the evidence is sufficient to sustain an award against the relator, subsequent to January 12.

Doctor Hammond testified that respondent came to his office on December 23 and claimed that his finger was still sore; that he examined it; that the function was practically normal; that respond-

ent claimed that his finger was tender, and that he did not doubt it; that he could bend it, but that it was limited from the tenderness, but practically normal; that he again examined it on January 13, and that he did not think that respondent was fit to return to heavy manual labor at that time, and that further care was certainly advisable.

The respondent testified that he worked for Armour & Company from January 7 to January 12, 1925; that on the first two days he worked as a knife man, and after that he pounded jowles, using a mallet about 6 by 6 inches in size, with a handle about 6 inches in length; that his finger was stiff so he could not bend it very much, and that when he struck his finger would strike on the table at times; that it began to blister and get sore; that it got so bad that it was impossible for him to work longer, so he quit; that on the third day it pained him badly; that he could not say in what way it got worse, but that it was so tender; that it was not different at that time than when he went to see Dr. Hammond on December 23, 1924.

While the record is not very satisfactory, we are of the opinion that the evidence made a question of fact as to the condition of respondent's finger, whether the injury of December 2 was the cause of its condition, and whether he was entitled to compensation was for the triers of fact to determine from all the evidence in the case.

Respondent is entitled to have and recover $50 as attorney's fees in this court.

Affirmed.